Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| APEROL LLC<br><br>Apelada<br><br>V.<br><br>**FABRICS INDUSTRIAL LAUNDRY CORP. FABRIXS INDUSTRIAL LAUNDRY CORP.** KCS ENTERPRISES LLC; EDWARD FELICIANO LÓPEZ HACIENDO NEGOCIOS COMO KITCHEN CLEANING SERVICES; KIARAS, LLC; EDWARD FELICIANO LÓPEZ, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; COMPAÑÍA XYZ, ASEGURADORA ABC<br><br>Apelante | KLAN202400909 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023CV01862 (403)<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero; Sentencia Declaratoria; Descorrer el Velo Corporativo; Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 21 de octubre de 2024.

El 10 de octubre de 2024, compareció ante este Tribunal de Apelaciones, Fabrics Industrial Laundry, Corp. y Fabrix Industrial Laundry, Corp., (en adelante, parte apelante), mediante *Recurso de Apelación Civil.* Por medio de este, nos solicita que revisemos la *Sentencia* emitida el 28 de junio de 2024, y notificada el 3 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la solicitud de relevo de anotación de rebeldía presentada por la parte apelante y declaró Con Lugar la *Demanda.*

Número Identificador

SEN2024 _____

Por los fundamentos que adelante se exponen, se desestima el recurso de apelación por falta de jurisdicción.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre incumplimiento de contrato, cobro de dinero, sentencia declaratoria, descorrer el velo corporativo y daños y perjuicios, presentada por Aperol LLC (en adelante, Aperol o parte apelada), en contra de la parte apelante; KCS Enterprises LLC (en adelante, KCS); el señor Edward Feliciano López (en adelante, señor Feliciano López), haciendo negocios como Kitchen Cleaning Services y Kiaras, LLC (en adelante, Kiaras).

Posteriormente, Aperol presentó la *Moción Solicitando Anotación de Rebeldía y en Solicitud de Vista*. Mediante esta, alegó que, a pesar de haber publicado los emplazamientos por edicto, habían transcurrido más de treinta (30) días sin que la parte apelante y los codemandados comparecieran ante el foro de primera instancia. Por lo anterior, solicitó que se le anotara la rebeldía a la parte apelante y a los codemandados y se señalara la vista en rebeldía.

Subsiguientemente, el Tribunal de Primera Instancia emitió *Resolución*, donde declaró No Ha Lugar la anotación de rebeldía, por motivo de que no se había acreditado que todos los demandados habían sido notificados de los procedimientos.

El 16 de noviembre de 2023, la parte apelada presentó la *Moci[ó]n Sometiendo Declaración Jurada, Publicación de Edicto y Evidencia de Sobres Devueltos del Correo*. Así las cosas, el 8 de diciembre de 2024, presentó la *Moción Solicitando Anotación de Rebeldía y en Solicitud de Vista*, en la cual alegó que, el 9 de octubre de 2023, se había publicado el edicto y que, habían transcurrido más de treinta (30) días desde la fecha de su publicación sin que la parte apelante y los codemandados comparecieran. A estos efectos,

le solicitó al foro de primera instancia que se les anotara rebeldía y señalara una vista en rebeldía.

Mediante *Orden* emitida el 15 de diciembre de 2023, el Tribunal de Primera Instancia señaló vista en rebeldía para el 15 de febrero de 2024.

El 19 de enero de 2024, el foro primario emitió una *Orden Sobre Prueba Documental*, donde les ordenó a los abogados de las partes a presentar mediante moción toda la prueba documental que se proponían presentar en la vista. Por su parte, Aperol presentó *Moción Sometiendo Prueba Documental* y la *Moción Sometiendo Prueba Documental Adicional Identificada Como Exhibit 3*.

Según surge del expediente, el 15 de febrero de 2024, fue celebrada la *Vista en Rebeldía*.

El 26 de febrero de 2024, la parte apelante presentó la *Solicitud de Relevo de Anotación de Rebeldía a Tenor con la Regla 45.3 de Procedimiento Civil*.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 28 de junio de 2024[1], la primera instancia judicial emitió la *Sentencia* cuya revisión nos ocupa. En virtud de esta, declaró No Ha Lugar la *Solicitud de Relevo de Anotación de Rebeldía a Tenor con la Regla 45.3 de Procedimiento Civil* y declaró Con Lugar la *Demanda*.

En desacuerdo, la parte apelante presentó la *Moción de Reconsideración*. Por otro lado, Aperol presentó la *Oposición del Demandante a las Solicitudes de Reconsideración de Sentencia Sometida por los Demandados*. El 9 de septiembre de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar la *Moción de Reconsideración* presentada por la parte apelante.

---

[1] Notificada el 3 de julio de 2024.

Aún inconforme, el 10 de octubre de 2024, la parte apelante acudió ante este foro revisor mediante *Recurso de Apelación Civil,* y esgrimió los siguientes señalamientos de error:

- Erró el Tribunal de Primera Instancia al autorizar descorrer el velo corporativo de las corporaciones apelantes sin haberse presentado evidencia alguna que tienda a establecer que las corporaciones apelantes son un *alter ego* de sus accionistas.

- Erró el Tribunal de Primera Instancia al no conceder el levantamiento de rebeldía a las corporaciones apelantes y dictar sentencia en su contra toda vez que existía un Relevo de Responsabilidad entre las partes que nunca se presentó en la demanda ni en la vista de rebeldía.

Por no entender necesaria la comparecencia de la parte apelada, prescindimos de esta[2].

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *R&B Power. Inc. v. Junta de Subasta ASG*, 2024 TSPR 25, 213 DPR ___ (2024); *Miranda Corrada v. DDEC et al.,* 211 DPR 738 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subasta ASG,* supra; *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

---

[2] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank,* 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara,* 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* 209 DPR 1 (2022); *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero,* supra, pág. 4.

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home v. Empresas Massó,* supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así

declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *R&B Power. Inc. v. Junta de Subasta ASG*, supra; *AFI v. Carrión Marrero*, supra, pág. 4; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[3], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. *Perfeccionamiento de Recursos Apelativos*

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra, pág. 290. Esta norma es necesaria para que se coloque a los

---

[3] 4 LPRA Ap. XXII-B, R. 83.

tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arraiga v. FSE*, 145 DPR 122, 130 (1998).

En cuanto al término para presentar un recurso apelativo, el Reglamento del Tribunal de Apelaciones dispone lo siguiente:

Regla 13 — Término para presentar la apelación

(A) Presentación de la apelación Las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.

Por último, el Tribunal Supremo en *Hernández Jiménez v. AEE*, 194 DPR 378 (2015) expresó que:

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

Esbozada la normativa que enmarca la controversia de epígrafe, la aplicamos al recurso de epígrafe.

**III**

Como Tribunal Apelativo, en primer lugar, nos encontramos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado ante nos. Conforme el derecho expuesto, para que un recurso quede perfeccionado es necesaria su oportuna presentación[4]. Una de las instancias en las que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. En lo pertinente a la controversia de epígrafe, un recurso

---

[4] *González Pagán v. Moret Guevara*, supra, págs. 1070-1071.

tardío adolece del grave e insubsanable defecto de falta de jurisdicción[5]. Su presentación carece de eficacia y como consecuencia, no produce ningún efecto jurídico, ya que, no hay autoridad judicial para acogerlo[6]. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro[7].

La *Sentencia* apelada fue emitida el 28 de junio de 2024, y notificada el 3 de julio de 2024. La parte apelante presentó la *Moción de Reconsideración* el 18 de julio de 2024, la cual fue resuelta mediante *Resolución* emitida y notificada el **9 de septiembre de 2024**. Bajo la normativa vigente, la parte tenía un término jurisdiccional de treinta (30) días para presentar su recurso de apelación[8]. Es decir, tenía disponible hasta el **9 de octubre de 2024**. No obstante, la parte apelante presentó el recurso de epígrafe el **10 de octubre de 2024**.

Nos resulta forzoso concluir que, debido a que la parte presentó el recurso de apelación fuera del término provisto por el Reglamento de este Tribunal, carecemos de jurisdicción para entrar en sus méritos.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de apelación de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[9], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de

---

[5] *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.
[6] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra; *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, supra, pág. 4.
[7] *Yumac Home v. Empresas Massó*, supra, pág. 107.
[8] 4 LPRA Ap. XXII-B, R. 13.
[9] 4 LPRA Ap. XXII-B, R. 83 (C).

apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones